UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

NEW RIVER SHOPPING CENTER, LLC.      CIVIL ACTION

VERSUS     17-281-SDD-RLB

VIVIAN G. VILLENURVE
AND MARGARET C. KERNAN

## RULING

This matter is before the Court on the *Motion for Temporary Restraining Order and Preliminary Injunction*[1] filed by Plaintiff, New River Shopping Center, LLC ("New River"), against Defendants, Vivian G. Villenurve and Margaret C. Kernan ("Defendants"). For the following reasons, the *Motion for Temporary Restraining Order* will be DENIED.

I. **FACTUAL BACKGROUND**[2]

Defendants' and New River's prior case before the Court resulted in the Court dismissing Defendants' case pursuant to Federal Rule of Procedure 12(b)(6).[3] New River asserts that, on March 10, 2017, Defendants sent New River a letter requesting one check for the rent due through January 2014.[4] New River argues that "this shortage of rental income is not due to New River's failure to timely pay," it is due to the Defendants who "voluntarily chose not to negotiate these checks, even after this Court dismissed their claims by ruling dated March 16, 2016."[5] According to New River, Defendants were "re-

---

[1] Rec. Doc. 2.
[2] The Court incorporates by reference Section II, "Procedural Posture and Factual Background", of the Court's *Ruling* granting New River's Motion to Dismiss in 15:cv:00517. *Villenurve v. New River Shopping Center LLC.*, 15:cv:00517, 2016 WL 1056577, at *1-2 (M.D. La., Mar. 16, 2016).
[3] *Id.*
[4] Rec. Doc. 2-1, p. 8.
[5] *Id.*
38908

issued one check in the amount of $27,212.50 **despite no contractual obligation for New River to do so**, and not withstanding Defendants' failure to honor their agreement to deliver the past tendered checks and a signed indemnity agreement."[6] Due to the fact that the re-issued check arrived on April 27, 2017, "one day after the arbitrary deadline imposed by Defendants – April 26, 2017- Defendants' representatives returned the check to New River the next day."[7]

New River submitted a letter from Defendants dated April 27, 2017, titled "RE: Termination of Ground Lease and Notice to Vacate – New River Shopping Center, Tract C – 625 West Airline Highway, Gonzales, LA 70737."[8] In the letter, Defendants state:

> This letter is to serve as notice that your lease of the premises at 625 W. Airline Hwy., Gonzales, Louisiana is now terminated by your failure to pay your monthly rentals as required by the lease between you and the Lester Gonzales Family Trust. Therefore, in accordance with Louisiana's Code of Civil Procedure, this letter will serve as your notice to vacate those premises within five (5) days from your receipt of this letter.[9]

New River seeks the following relief from the Court:

> Enjoin [Defendants], and any person acting on their behalf, from taking steps to raise the rents owed under New River's ground lease with Defendants, terminating the lease, ejecting New River from the premises although New River has not breached any obligations in the ground lease with New River's contractual relations with its sublessees of the New River Shopping Center in Gonzales, Louisiana.[10]

---

[6] *Id.*(emphasis original).
[7] *Id.*
[8] Rec. Doc. 2-3, p. 37.
[9] *Id.*
[10] Rec. Doc. 2-1, p. 1.
38908

II. **LAW AND ANALYSIS - Legal Standard for Temporary Restraining Orders**

The Fifth Circuit Court of Appeal in *Janvey v. Alguire* held that a plaintiff seeking a temporary restraining order ("TRO") must establish the following four criteria:

> (1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury if the injunction is not issued, (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted, and (4) that the grant of an injunction will not disserve the public interest.[11]

The Court must examine and insure that New River has established each of the above requirements in analyzing whether the granting of a TRO is appropriate.[12]

To prove likelihood of success on the merits, New River is "not required to prove [its] entitlement to summary judgment."[13] Nor is New River required to assure the Court that it will be successful in its suit; "All courts agree that plaintiff must present a prima facie case but need not show that he is certain to win."[14] In determining whether New River has presented their *prima facie* case the Court must "look to the standards provided by the substantive law."[15]

At its core, this case turns on whether Defendants may properly evict New River pursuant to Louisiana landlord tenant law. New River asks the Court to "enjoin [Defendants], and any person acting on their behalf, from taking steps to raise the rents owed under New River's ground lease with Defendants, terminating the lease, [and] ejecting New River from the premises...".[16] The action threatened by Defendants is

---

[11] *Janvey v. Alguire*, 647 F.3d 585, 595 (5th Cir. 2011).
[12] *See Id.*
[13] *Id.* at 596 (quoting *Byrum v. Landreth*, 566 F.3d 442, 446 (5th Cir. 2009)).
[14] *Id.*
[15] *Id.*(quoting *Roho, Inc. v. Marquis*, 902 F.2d 356, 358 (5th Cir. 1990)).
[16] Rec. Doc. 2-1, p. 1.
38908

eviction for alleged late payment of rent. Whether eviction, under the fact presented, is legally available is a question of state law. This Court declines to prophylactically preclude a state court from determining the legal viability of an action for eviction under the facts presented.

As a preliminary matter there is a question as to the exact nature of the dispute before the Court; Are Defendants seeking eviction based upon failure to pay rent under the 1976 lease agreement, or are Defendants seeking eviction based upon an extra-contractual agreement to provide Defendants with one rent check by the April 26, 2017 deadline? Given the factually intensive inquiry required the Court is unable to conclude that New River is likely to succeed on the merits of their case.

In support of their argument that they would likely be successful on the merits of the case, New River relies solely on *Four Seasons Inc. v. New Orleans Silversmith, Inc.*[17] The court in *Four Seasons Inc.* stated, "If a landlord accepts rental tendered by his tenant after notice to vacate is issued and for a period beyond the time the notice indicated the lease agreement would be terminated, such acceptance vitiates notice."[18] In *Four Seasons Inc.* the landlord accepted a rent check in October of 1968 from the tenant despite giving the tenant a notice to vacate on September 10, 1968.[19] It was the landlord's acceptance of "rental rendered by his tenant after the notice to vacate is issued and for a period beyond the time the notice indicated the lease arrangement would be terminated" that vitiated the notice to vacate.[20] The record before the Court indicates that Defendants

---

[17] (La. App. 4 Cir. 06/02/1969); 223 So.2d 686.
[18] *Id.* at 689.
[19] *Id.*
[20] *Id.*

38908

provided New River a notice to vacate on April 27, 2017.[21] Absent in the record is any evidence that Defendants have accepted a rental check from New River post April 27, 2017, thereby vitiating Defendants' notice to vacate dated April 27, 2017. Given that the facts in *Four Seasons Inc.* and the present case are distinguishable, the Court finds that *Four Seasons Inc.* is not instructive in the case at bar.

Louisiana landlord tenant law makes it "clear that dissolution of a lease for nonpayment of rent is subject to judicial control according to the circumstances."[22] The Louisiana Second Circuit Court of Appeal stated in *KM, Inc. v. Weil Cleaners, Inc.*, "judicial control is an equitable doctrine by which the courts will deny cancellation of the lease when the lessee's breach is of minor importance, is caused by no fault of his own, or is based on a good faith mistake of fact."[23] In instances where Louisiana courts have held that failure to promptly pay rental payments was of minor importance, thus requiring the court to exercise judicial control in denying the cancellation of the lease, the plaintiff has established that the "lessor customarily accepts these late rental payments, such custom has the effect of altering the original contract with respect to punctuality of rent payments."[24] New River has not established that Defendants made a custom of accepting late payments. Accordingly, New River has not has not established its *prima facie* case under Louisiana law, and the Court cannot find that it would be substantially likely that New River would succeed on the merits.

---

[21] Rec. Doc. 2-3, p. 37.
[22] *KM, Inc. v. Weil Cleaners, Inc.*, (La. App. 2d. Cir. 01/13/16), 185 So.3d 112, 118.(citing *Edwards v. Standard Oil Co. of La.*, 175 La. 720, 144 So. 430 (1932); *Martin Timber Co., Inc. v. Pegues*, 30, 361 (La.App.2d Cir. 07/06/98)).
[23] *Id.*(citing *Carriere v. Bank of La..*, 95-3058 (La. 12/13/96), 702 So.2d 648; *Western Sizzlin Corp. v. Greenway*, 36,088 (La.App.2d Cir. 06/12/02), 821 So.2d 594)).
[24] *Id.* at 117 (citing *Versailles Arms Apartments v. Pete*, 545 So.2d 1193 (La.App. 4th Cir. 1989); *Housing Auth. Of the Town of Lake Providence v. Allen*, 486 So.2d 1064 (La.App. 2d Cir. 1986)).
38908

In the absence of showing of a substantial likelihood of success on the merits, New River is unable to meet all of the four requirements to obtain a TRO.[25] As the Supreme Court stated in *Winter v. Natural Resources Defense Council, Inc.*, "a preliminary injunction is an extraordinary remedy never awarded as of right."[26] As a specialized subset of preliminary injunctions, with an explicit four part test, a TRO is an extraordinary remedy with additional requirements that must be met in order for the Court to grant New River's TRO motion. After reviewing the motion and the record, the Court concludes that, on the current record, New River has not met its burden of establishing a substantial likelihood of success on the merits, as New River has not established its *prima facie* case under Louisiana law.

---

[25] See *Daniel v. Allstate Ins. Co.*, No. 12-2933, 2012 WL 6738765, at *4 (E.D. La. Dec. 31, 2012), quoting *RW Development, LLC v. Cunningham Grp. Architecture, Inc.*, No. 12-00224, 2012 WL 3258782, at *2 (S.D. Miss. Aug. 8, 2012).
[26] 129 S.Ct. 365 at 367.
38908

## III. CONCLUSION

For the above stated reasons, New River's *Motion for Temporary Restraining Order*[27] is DENIED. The Court defers ruling on the *Motion for Preliminary Injunction* until the hearing to be held Thursday, May 11, 2017 at 2:00 PM in Courtroom 3 before Judge Shelly D. Dick.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on <u>May 5, 2017</u>.

_____
**JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[27] Rec. Doc. 2.
38908