UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

NEW RIVER SHOPPING CENTER, LLC.

CIVIL ACTION

VERSUS

17-281-SDD-RLB

VIVIAN G. VILLENURVE
AND
MARGARET C. KERNAN

### RULING

The matter before the Court is the *Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6)* filed by Defendants, Vivian G. Villenurve and Margaret C. Kernan ("Defendants").[1] The Plaintiff, New River Shopping Center, LLC. ("New River" or "Plaintiff") has filed an *Opposition.*[2] For the following reasons, Defendants' motion will be DENIED.

**I.    PROCEDURAL AND FACTUAL HISTORY**[3]

On May 1, 2017, New River filed a *Complaint*[4] seeking an emergency motion for temporary restraining order and preliminary injunction because the Defendants allegedly breached their lease agreement on immovable property located in Ascension Parish, Louisiana.[5] New River also prayed for the entry of a permanent injunction following a trial on the merits. Defendants filed the present *Motion to Dismiss* on May 2, 2017.[6] The Court denied New River's emergency motion for temporary restraining order in a *Ruling*

---
[1] Rec. Doc. 6.
[2] Rec. Doc. 31.
[3] *See* Rec. Doc. 15 for a full recitation of the factual background.
[4] Rec. Doc. 1.
[5] Rec. Doc. 2.
[6] Rec. Doc. 6.
42836

issued on May 5, 2017.[7]  The Court conducted a hearing on New River's *Motion for Preliminary Injunction* on May 11, 2017,[8] following which, New River's *Motion for Preliminary Injunction*[9] was denied.

While the subject Motion was pending, the Defendants filed a "Rule to Show Cause Why Possession Should Not be Delivered in Docket No. 118, 875," in the 23rd Judicial District Court of Ascension Parish, Louisiana,[10] which was removed to this Court and assigned docket number 3:17-cv-00303.[11]  New River met the claims asserted in 3:17cv00303 with a *Motion for Summary Judgment*.[12]  New River's *Motion for Summary Judgment* remains pending.  Defendants' pending motion asks the Court to dismiss New River's *Complaint* because, "[Plaintiff] has failed to establish that it is entitled to a temporary restraining order, preliminary injunction, or permanent injunction."[13]  Given that the Court has denied New River's motion for a temporary restraining order and a preliminary injunction the only salient portion of Defendants' *Motion to Dismiss* pertains to New River's motion for permanent injunction.  Defendants' move for dismissal under 12(b)(1) and 12(b)(6).

## II.  LAW AND ANALYSIS

### A. Motion to Dismiss Under Rule 12(b)(6)

When deciding a Rule 12(b)(6) motion to dismiss, "[t]he 'court accepts all well-

---

[7] Rec. Doc. 15.
[8] Rec. Doc. 29.
[9] *See Id.*
[10] *See* Rec. Doc. 19-1, p. 2.
[11] 17-cv-00303-SDD-EWD, Rec. Doc. 5.
[12] *Id.* at Rec. Doc. 12.
[13] Rec. Doc. 6-1, p. 1.
42836

pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"[14] The Court may consider "the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."[15] "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'"[16] In *Twombly*, the United States Supreme Court set forth the basic criteria necessary for a complaint to survive a Rule 12(b)(6) motion to dismiss. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[17] A complaint is also insufficient if it merely "tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[18] However, "[a] claim has facial plausibility when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[19] In order to satisfy the plausibility standard, the plaintiff must show "more than a sheer possibility that the defendant has acted unlawfully."[20] "Furthermore, while the court must accept well-pleaded facts as true, it will not 'strain to find inferences favorable

---

[14] *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007)(quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F.3d 464, 467 (5th Cir. 2004)).
[15] *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (quoting *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008)).
[16] *In re Katrina Canal Breaches Litigation*, 495 F.3d at 205 (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F.3d at 467).
[17] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and brackets omitted) (hereinafter *Twombly*).
[18] *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (internal citations omitted) (hereinafter "*Iqbal*").
[19] *Twombly*, 550 U.S. at 570.
[20] *Iqbal*, 556 U.S. at 678.

to the plaintiff.'"[21] On a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation."[22]

### B. Motion to Dismiss Under Rule 12(b)(1)

"A motion to dismiss under Rule 12(b)(1) is analyzed under the same standard as a motion to dismiss under Rule 12(b)(6)."[23] Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint is subject to dismissal if a plaintiff fails "to state a claim upon which relief can be granted." "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim relief that is plausible on its face.'"[24] However, when ruling on a Rule 12(b)(1) motion, "the court is permitted to look at evidence in the record beyond simply those facts alleged in the complaint and its proper attachments."[25] Ultimately, a motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim which would entitle plaintiff to relief."[26]

### C. Defendants' 12(b)(1) Argument

The Defendants argue that New River's petition for permanent injunction is an attempt to "defeat a summary action for eviction by injection foreign issues in an effort to convert a summary proceeding to an ordinary proceeding."[27] Defendants, citing no

---

[21] *Taha v. William Marsh Rice University*, 2012 WL 1576099 at *2 (quoting *Southland Sec. Corp. v. Inspire Ins. Solutions, Inc.*, 365 F.3d 353, 361 (5th Cir. 2004).
[22] *Twombly*, 550 U.S. at 556 (quoting *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)).
[23] *Hall v. Louisiana, et. Al.*., 974 F.Supp.2d 978, 985 (M.D. La. Sep. 30, 2013)(citing *Benton v. U.S.*., 960 F.2d 19, 21 (5th Cir. 1998)).
[24] *Id.* (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).
[25] *Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 238 (5th Cir. 2009).
[26] *Ramming*, 281 F.3d at 161 (citing *Home Builders Ass'n of Miss., Inc. v. City of Madison Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998)).
[27] Rec. Doc. 6-1, pp.1-2.
42836

controlling jurisprudence, further aver that "many federal counts choose to abstain from summary eviction proceedings and landlord tenant disputes in general on the principles of comity and federalism as to hear these cases would not only overburden the federal system but would also completely emasculate the state structure for dealing with such disputes."[28]

New River presented the same argument in their *Motion for Remand* in 17-cv-303.[29] In the *Report and Recommendation*,[30] which this Court adopted,[31] the Magistrate Judge stated, "district courts in Louisiana have on multiple occasions considered whether federal diversity jurisdiction may be exercised in removed eviction proceedings based on consideration of the value of the right of possession."[32] The Magistrate Judge concluded the *Report and Recommendation* by holding, "Given this court's duty to adjudicate controversies over which it has original subject matter jurisdiction, and Plaintiffs' failure to provide controlling authority requiring this court to abstain from exercising such jurisdiction, abstention here would be inappropriate []."[33] Given that the parties, factual background, and legal arguments in the present motion are identical to those previously addressed in the *Report and Recommendation* in 17-cv-303,[34] a related proceeding,[35] the Court finds no reason to deviate from the its previous determination that it maintains jurisdiction over this case and controversy. Accordingly, the Defendants' 12(b)(1) motion to dismiss is DENIED.

---

[28] *Id.* at p. 2, citing *Glen 6 Assocs., Inc v. Dedaj*, 770 F.Supp. 225, 229 (S.D.N.Y. 1991).
[29] No. 17-cv-00303-SDD-EWD, Rec. Doc. 3-1, pp. 2-4.
[30] *Id.* at Rec. Doc. 11.
[31] *Id.* at Rec. Doc. 19.
[32] *Id.* at Rec. Doc. 11, p. 12.
[33] *Id.* at p. 13.
[34] *Id.*
[35] *Id.* at Rec. Doc. 5.
42836

### D. Defendants' 12(b)(6) Argument

The Defendants argue that New River's suit should be dismissed pursuant to Rule 12(b)(6) because:

> […] Petitioner has failed to make the extraordinary showing to justify a temporary restraining order or preliminary injunction because he has not established: a likelihood of success on the merits of his claim; there is a substantial likelihood of success on the merits of his claim; there is a substantial threat that failure to grant the injunction will result in irreparable injury; the threatened injury outweighs any damage that the injunction will cause the adverse party; and the injunction will not adversely affect the public interest.[36]

Defendants have provided no jurisprudential support for their argument that a petitioner who fails to secure a temporary restraining order and a preliminary injunction should also have their petition for a permanent injunction dismissed pursuant to 12(b)(6). To survive a 12(b)(6) motion New River need only plead "enough facts to state a claim to relief that is plausible on its face."[37] Evaluating the sufficiency of a complaint on a 12(b)(6) motion is not "a fact-based question of law".[38] On a 12(b)(6) motion the Court may only determine if there is a sufficient factual basis for the relief sought, in this instance a permanent injunction following a trial on the merits.

In 53 paragraphs New River details Defendants' actions which it alleges violates their lease agreement.[39] The Court must accept these facts as true.[40] Specifically, New River alleges that Defendants seek the invalidation of their lease to "eliminate the middle

---

[36] Rec. Doc. 6-1, p. 3.
[37] *In re Katrina Canal Breaches Litigation*, 495 F.3d at 205 (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F.3d at 467).
[38] *Twombly*, 556 U.S. at 674.
[39] Rec. Doc. 1, pp. 1-19.
[40] *See supra* n. 13.
42836

man so that Defendants could receive higher rents directly from New River's sublessees."[41] These allegations state a plausible claim under Louisiana Civil Code Article 1997 (bad faith breach of an obligation),[42] and Louisiana's abuse of rights doctrine.[43] In addition to monetary damages, New River seeks a permanent injunction following a trial on the merits.[44] Under Louisiana jurisprudence a permanent injunction may be awarded, "to prevent the occurrence of actions in the future which are unlawful or injurious and pose irreparable injury."[45] New River's factual allegations state a plausible claim of a future violation of a lawful lease, and Louisiana jurisprudence provides for permanent injunctive relief in such a circumstance. Accordingly, the 12(b)(6) Motion shall be DENIED.

---

[41] Rec. Doc. 1, p. 18, ¶ 51.
[42] La. C.C. § 1997.
[43] "In its origin, the abuse of rights doctrine was applied to prevent the holder of rights or powers from exercising those rights exclusively for the purpose of harming another, but today most courts in civil law jurisdictions will find an act abusive if the predominate motive for it was to cause harm …The doctrine has been applied where an intent to harm was not proven, if it was shown that there was no serious and legitimate interest in the exercise of the right worthy of judicial protection. Protection or enforcement of a right has been denied when the exercise of the right is against moral rules, good faith or elementary fairness." *Coleman v. School Bd. Of Richland Parish*, 418 F.3d 511, 524 (5th Cir. 2005)(quoting *Ill Cent. Gulf R.R. Co. v. Int'l Harvester Co.,* 368 So.2d 1009, 1014 (La. 1979).
[44] Rec. Doc. 1, p. 28.
[45] *Hairford v.* Perkins, 86-1190; 520 So.2d 1053, 1059 (La.App. 3 Cir. 1987)(citing *Acadian Heritage Realty v. City of Lafayette*, 451 So.2d 17 (La.App.3 Cir. 1984), writ den., 452 So.2d 696 (La. 1984); *Louisiana Livestock Sanitary Board v. Prather*, 301 So.2d 688 (La.App. 3 Cir. 1974)).
42836

**III. CONCLUSION**

For the reasons stated above, Defendants' *Motion to Dismiss to Fed. R. Civ. P. 12(b)(1) and 12(b)(6)* is hereby DENIED.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on <u>February 1, 2018</u>.

_____
**JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

42836

Page 8 of 8